UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DOCKE AIRD and
DAWNANN MORELLA,

               CASE NO.:

 Plaintiffs,

v.

DAS HOTELS, LLC, dba Knights Inn,
a Florida Limited Liability Company,
SURESH "SAM" PATEL, Individually,
and BINA PATEL, Individually,

 Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

 Plaintiffs, DOCKE AIRD ("AIRD") and DAWNANN MORELLA ("MORELLA") (collectively "Plaintiffs"), by and through undersigned counsel, files this Complaint against Defendants, DAS HOTELS, LLC, dba Knights Inn ("DAS"), SURESH "SAM" PATEL ("SAM"), and BINA PATEL ("BINA") (collectively, "Defendants"), and states as follows:

### JURISDICTION

 1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., the "FLSA") to recover unpaid minimum wages, overtime wages, an additional equal amount as liquidated damages, and reasonable attorney's fees and costs.

 2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

 3. This case and the facts giving rise to Plaintiffs' claims occurred in this District. Therefore, venue is proper in this Court.

## PARTIES

4. At all times material hereto, Plaintiff AIRD was a resident of Charlotte County, Florida.

5. At all times material hereto, Plaintiff MORELLA was a resident of Charlotte County, Florida.

6. At all times material hereto, DAS was, and continues to be a Florida Limited Liability Company, with its principle place of business located in Port Charlotte, Florida.

7. At all times material hereto, SAM was engaged in business in the State of Florida.

8. At all times material hereto, SAM was, and continues to be, an individual resident of the State of Florida.

9. At all times material hereto, BINA was engaged in business in the State of Florida.

10. At all times material hereto, BINA was, and continues to be, an individual resident of the State of Florida.

11. At all times material hereto, Defendant DAS owned and operated Knights Inn franchise located at 4100 Tamiami Trail, Port Charlotte, FL 33952.

12. At all times material hereto, SAM owned and operated DAS.

13. At all times relevant to this action, SAM managed and operated DAS on a day to day basis.

14. At all times material hereto, SAM regularly exercised the authority to hire and fire employees of DAS.

15. At all times material hereto, SAM determined the work schedules for the employees of DAS.

16. At all times material hereto, SAM controlled the finances and operations of DAS.

17. At all times material hereto, BINA owned and operated DAS.

18. At all times relevant to this action, BINA managed and operated DAS on a day to day basis.

19. At all times material hereto, BINA regularly exercised the authority to hire and fire employees of DAS.

20. At all times material hereto, BINA determined the work schedules for the employees of DAS.

21. At all times material hereto, BINA controlled the finances and operations of DAS.

22. Plaintiff AIRD worked for Defendants as a non-exempt handyman.

23. Plaintiff MORELLA worked for Defendants as a non-exempt housekeeper.

24. Plaintiff AIRD was employed by Defendants from approximately February 20, 2018 through February 3, 2019.

25. Plaintiff MORELLA was employed by Defendants from approximately January 14, 2018 through December 7, 2018.

## COVERAGE

26. At all times material hereto, Defendants were, and continue to be, "employers" within the meaning of FLSA.

27. At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of FLSA.

28. Based upon information and belief, the annual gross revenue of DAS is and was in excess of $500,000.00 per annum during the relevant time periods.

29. At all times material hereto, Defendants had two (2) or more employees handling,

selling, or otherwise working on goods or materials that had been moved in or produced for commerce, including cleaning supplies, cash registers, landscaping tools and other tools and items essential to its business.

30. At all times material hereto, Plaintiffs were "employees" of Defendants within the meaning of FLSA.

31. At all times material hereto, the work performed by the Plaintiffs was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

32. On or about February 20, 2018, Defendants hired Plaintiff AIRD to work as a non-exempt maintenance employee.

33. On or about January 14, 2018, Defendants hired Plaintiff MORELLA to work as a non-exempt housekeeper employee.

34. In most, if not all work weeks, Plaintiffs worked for Defendants in excess of forty (40) hours within a work week.

35. From at least February 20, 2018 and continuing through February 3, 2019, Defendants failed to compensate Plaintiff AIRD at rate of one and one-half times his regular rate of pay for all hours that he worked in excess of forty (40) hours in a single work week.

36. Plaintiff AIRD should be compensated at the rate of one and one-half times his regular rate for those hours that he worked in excess of forty (40) hours per week as required by the FLSA.

37. From at least February 20, 2018 and continuing through February 3, 2019, Defendants failed to pay Plaintiff AIRD at least minimum wage for all weeks worked.

38. From at least January 14, 2018 and continuing through December 7, 2018,

Defendants failed to compensate Plaintiff MORELLA at rate of one and one-half times her regular rate for all hours worked in excess of forty (40) hours in a single work week.

39. Plaintiff MORELLA should be compensated at the rate of one and one-half times her regular rate for those hours that she worked in excess of forty (40) hours per week as required by the FLSA.

40. From at least January 14, 2018 and continuing through December 7, 2018, Defendants failed to pay Plaintiff MORELLA at least minimum wage for all weeks.

41. Specifically, Defendants provided Plaintiffs with living quarters in the form of a studio motel room.

42. Defendants used the fact that Plaintiffs lived on-site to their benefit by requiring Plaintiffs to perform at all hours of the day and night, many of which were not accounted for in Plaintiffs' paychecks or Defendants' time records.

43. On pay day, every other week, Defendants would present Plaintiffs with their paychecks—albeit incorrect because all hours were not recorded and paid.

44. Once Defendants presented Plaintiffs with their paychecks, Defendants forced Plaintiffs to provide a blank endorsement on the back of their paychecks and return the entire paycheck to Defendant.

45. Defendants have violated Title 29 U.S.C. §§ 206 and 207 in that:

    a. Plaintiffs worked in excess of forty (40) hours in most, if not all, work weeks during their period of employment with Defendants;

    b. No payments, and/or provisions for payment, have been made by Defendants to properly compensate Plaintiffs at the statutory rate of one and one-half times their regular rate for those hours that they worked in

       excess of forty (40) hours per work week as provided by the FLSA;

c.    Defendants failed to pay Plaintiffs at least minimum wage in most, if not all work weeks, in violation of the FLSA; and

d.    Defendants have failed to maintain proper time records as mandated by the FLSA.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

46.    Plaintiff re-alleges and reavers paragraphs 1 through 53 of the Complaint as if fully set forth herein.

47.    From at least February 20, 2018 and continuing through February 3, 2019, Plaintiff AIRD worked in excess of forty (40) hours in most, if not all, work weeks for which he was not compensated at the statutory rate of one and one-half times his regular rate of pay.

48.    Plaintiff AIRD was and is entitled to be paid at the statutory rate of one and one-half times his regular rate of pay for those hours worked in excess of forty (40) hours.

49.    From at least January 14, 2018 and continuing through December 7, 2018, Plaintiff MORELLA worked in excess of forty (40) hours in most, if not all, work weeks for which she was not compensated at the statutory rate of one and one-half times her regular rate of pay.

50.    Plaintiff MORELLA was and is entitled to be paid at the statutory rate of one and one-half times her regular rate of pay for those hours worked in excess of forty (40) hours.

51.    At all times material hereto, Defendants failed and continue to fail to maintain proper time records as mandated by the FLSA.

52.    Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiffs at the statutory rate

of one and one-half times their regular rate of pay for the hours worked in excess of forty (40) hours per weeks when it knew, or should have known, such was, and is due.

53. Defendants have failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

54. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiffs suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

55. Plaintiffs are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II
## MINIMUM WAGE VIOLATION UNDER FLSA

56. Plaintiff re-alleges and reavers paragraphs 1 through 53 of the Complaint as if fully set forth herein.

57. Plaintiffs were entitled to be paid minimum wage for each week they worked during their employment with Defendants.

58. Defendants failed to pay Plaintiffs minimum wage for each week they performed work for Defendants.

59. Plaintiffs have demanded proper compensation for one or more weeks of work with Defendants, but Defendants have refused and/or failed to compensate them for same.  As a result of Defendants' actions in this regard, Plaintiffs have not been paid the minimum wage for each week worked during one or more weeks of employment with Defendants.

60. Defendants had specific knowledge that they were paying sub-minimum wages to Plaintiffs, but still failed to pay Plaintiffs at least minimum wages.

61. Defendants willfully failed to pay Plaintiffs the minimum wage for one or more

weeks of work contrary to 29 U.S.C. § 206.

62. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiffs have been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

WHEREFORE, Plaintiffs respectfully requests that judgment be entered in their favor against Defendants:

a. Declaring, pursuant to 29 U.S.C. §§ 2201 and 2202, that the acts and practices complained of herein are in violation of the minimum wage provisions of the FLSA;

b. Awarding Plaintiffs overtime compensation in the amount due to them for time worked in excess of forty (40) hours per work week;

c. Awarding Plaintiffs liquidated damages in an amount equal to the overtime award;

d. Awarding Plaintiffs minimum wages in the amount due to them for time worked in each work week;

e. Awarding Plaintiffs liquidated damages in an amount equal to the minimum wages award;

f. Awarding Plaintiffs reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

g. Awarding Plaintiffs pre-judgment interest;

h. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable as a matter of right by jury.


Dated: August 6, 2019.            Respectfully submitted,

                                       */s/ **Chanelle J. Ventura***
Chanelle J. Ventura
FL Bar No.: 1002876
MORGAN & MORGAN, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324
T: (954) 318-0268;  F: (954) 327-3013
E-mail: CVentura@forthepeople.com

*Trial Counsel for Plaintiffs*