UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DOCKE AIRD and DAWNANN
MORELLA,

        Plaintiffs,

v.                                 Case No. 2:19-cv-550-FtM-38NPM

DAS HOTELS LLC, SURESH SAM
PATEL and BINA PATEL
           Defendants.

_____

## REPORT AND RECOMMENDATION[1]

Before the Court is the Joint Motion for Approval of Settlement and Dismissal with Prejudice (Doc. 39). Plaintiffs Docke Aird and Dawnann Morella together with Defendants DAS Hotels, LLC, Suresh Patel, and Bina Patel request the Court approve the parties' settlement of the Fair Labor Standards Act claims asserted in this case and dismiss this matter with prejudice. After a careful review of the parties' submissions and the Court file, the Court recommends approval of the FLSA settlement and dismissal of this action with prejudice.

## LEGAL STANDARD

To avoid the risk that settlements of such claims without court approval may not be enforceable, litigants often seek court approval of the settlement of their FLSA claims

---

[1] Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this document.

in conjunction with their stipulated dismissal of the case. And to obtain approval of anything short of a full compensation agreement, courts in this Circuit generally require the filing of the settlement agreement on the public docket for review. Any additional terms, such as non-disparagement or confidentiality provisions, are generally approved when they are for the benefit of the employee or in furtherance of the employee's interests. *See Zdun v. Virtu Cathedral Associates, LLC*, No. 3:17-cv-579-J-39PDB, 2018 WL 3761024, *3-4 (M.D. Fla. May 14, 2018).

"If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable." *Dees v. Hydrady, Inc.,* 706 F. Supp 2d 1227, 1241 (M.D. Fla. 2010). Nevertheless, when scrutinizing FLSA settlements for fairness, courts generally evaluate:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

*Id.*

## THE CLAIMS, DEFENSES, AND PROPOSED SETTLEMENT

Defendants Patel own DAS Hotels, LLC, which operates a "Knights Inn." (Doc. 39, p. 1). Plaintiff Aird worked in maintenance as a handyman for Defendants from approximately February 2018 through February 2019. (*Id.*, pp. 1-2). And Plaintiff Morella worked as a housekeeper for Defendants from approximately January 2018 through January 2019. (*Id.*, p. 2). The parties agree there are bona fide disputes as to whether Plaintiffs are entitled to recover minimum and overtime wages. Specifically, Plaintiffs allege Defendants provided them housing accommodations to perform work for

Defendants and Defendants required them periodically to remit some or all of their paychecks to Defendants in order to compensate Defendants for the rent. (*Id.*). Defendants claim Plaintiffs still owe them for back rent. (*Id.*). Indeed, when filing its Answer, Defendant DAS included a counterclaim alleging Plaintiffs owed unpaid rents. (*Id.*). DAS later voluntarily dismissed its counterclaim without prejudice, but continues to maintain it is owed back rent. (*Id.*, pp. 2-3). Defendants emphatically deny any wrongdoing. (*Id.*, pp. 3-4).

Evaluating the proposed settlement for fairness and reasonableness, the Court first notes that counsel for both sides find benefit to a settlement rather than protracted litigation. (*Id.*, p. 7). The parties believe approval of the settlement agreement is in their best interests "given the disputed issues and the risks, time requirements, and unknown case duration inherent to litigation." *Kleekamp v. Home Performance All., Inc.*, No. 2:17-cv-660, 2018 WL 2986687, *1 (M.D. Fla. June 6, 2018), *report and recommendation adopted*, 2018 WL 2970982 (M.D. Fla. June 13, 2018). There is no indication of any fraud or collusion. Rather, the settlement agreement results from arms' length negotiations between well informed and experienced counsel and a mediation session before an experienced mediator in wage and hour claims. Mediation came on the heels of discovery that included the exchange of pertinent records, and the parties agreed to settle to avoid additional expense and minimize future risk in proving their claims and defenses. (Doc. 39, p. 9).

### Monetary Terms

After an investigation and exchange of information, the parties agreed to the following terms: (1) Plaintiff Aird will receive $10,000.00 in unpaid wages and $2,000.00

in liquidated damages; and (2) Plaintiff Morella will receive $4,000.00 in unpaid wages and $2,000.00 in liquidated damages. (Doc. 39, pp. 6-7). On balance, the unpaid-wage terms appear fair and reasonable considering the range of possible recovery and the probability of Plaintiffs' success on the merits. The Court scrutinizes the liquidated damages awards more closely.

Pursuant to 29 U.S.C. § 216(b), "[a]ny employer who violated the provisions of . . . section 207 of this title shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." Thus, Plaintiffs may claim an amount equal to their unpaid wages as liquidated damages. But instead, each Plaintiff claims only $2,000.00 in liquidated damages.

A court may – in its discretion – reduce or deny liquidated damages if the employer shows to the satisfaction of the court that the act or omission of failing to pay appropriate wages was in good faith and that the employer had a good faith belief that the act or omission was not in violation of the FLSA. *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1282 (11th Cir. 2008). Here, Defendants assert that when retaining some or all of Plaintiffs' paychecks, these amounts were applied to Plaintiffs' unpaid rent balance and Defendants have records to support these allegations. (Doc. 39, n.4). Based on the record and the parties' agreement, the Court finds a reduction of the liquidated damages to be appropriate.

### *Non-Monetary Terms*

The Settlement Agreement includes a mutual release of claims. (Doc. 39-1, pp. 2-3). Courts have approved non-monetary terms in FLSA settlement agreements when they

4

are reciprocal or provide mutual benefits to both sides. *Bell v. James C. Hall, Inc.*, No. 6:16-cv-218-Orl-41TBS, 2016 WL 5339706, *3 (M.D. Fla. Aug. 16, 2016), *report and recommendation adopted*, No. 6:16-cv-218-Orl-41TBS, 2016 WL 5146318, *1 (M.D. Fla. Sept. 21, 2016); *Buntin v. Square Foot Mgmt. Co., LLC*, No. 6:14-CV-1394-ORL-37, 2015 WL 3407866, *3 (M.D. Fla. May 27, 2015). Here, the parties' general releases are mutual. (Doc. 39-1, pp. 2-3). The Court therefore finds the mutual general-release terms to be fair and reasonable.

### Attorney's Fees and Costs

The proposed settlement includes an agreement that Defendants pay $12,000.00 to Plaintiffs' counsel for fees and costs. (Doc. 39-1, p. 2). The parties represent this term was negotiated separately, and without regard to the amount paid to Plaintiffs. (Doc. 39, p. 5). This aspect of the settlement also appears fair and reasonable. *See Bonetti v. Embarq Mgmt. Co.,* 715 F. Supp. 2d 1222, 1228 (M.D. Fla. Aug. 4, 2009).

### CONCLUSION

For the foregoing reasons, the Court finds the settlement of the FLSA claims (Doc. 39-1) to be a fair and reasonable resolution of a bona fide dispute.

Accordingly, it is respectfully **RECOMMENDED**:

(1)     The settlement agreement and full and final release of claims (Doc. 39-1) be approved by the Court as a fair and reasonable resolution of a bona fide dispute of the parties' FLSA claims.

(2)     The Joint Motion for Approval of Settlement and Dismissal with Prejudice (Doc. 39) be **GRANTED**.

(3)     And the Clerk of Court be directed to dismiss this action with prejudice, terminate all pending motions, and close the file.

Respectfully recommended in Chambers in Fort. Myers, Florida on July 7, 2020.

NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **To expedite resolution, parties may file a joint notice waiving the 14-day objection period.**